IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

TOMMIE WALKER and
husband, BENNY WALKER,

    Plaintiffs,

vs.    No. 1-364-02

TUNKU ABUBAKAR,

and

CHEROKEE HEALTH SYSTEMS,

    Defendants.

FILED 2002 SEP 20 A 9:53

## COMPLAINT

COME the plaintiffs, Tommie Walker and husband, Benny Walker, by and through counsel, and submit the following cause of action against the defendants, Tunku Abubakar, and Cherokee Health Systems.

### PARTIES

1. The plaintiffs, Tommie Walker and husband, Benny Walker, are citizens and residents of Knox County, Tennessee.

2. The defendant Tunku Abubakar, is a citizen and resident of Knox County. He is a staff psychiatrist at Cherokee Health Systems, 4127 Emory Road in Knoxville, Knox County, Tennessee. The defendant Abubakar may be served with process at that address.

3. The defendant Cherokee Health Systems is a Tennessee corporation doing business at 4127 Emory Road in Knoxville, Knox County, Tennessee. The defendant Cherokee Health Systems may be served with process through its registered agent for service, Dennis Freeman, 6350 West Andrew Johnson Hwy., Talbott, Tennessee 37877.

### JURISDICTION AND VENUE

4. This Honorable Court has jurisdiction to hear this matter pursuant to its grant of general jurisdiction conferred in Tenn. Code Ann. §16-10-101.

5. Venue in this cause of action is properly in Knox County, Tennessee, pursuant to Tenn. Code Ann. §20-4-101(a), because the incident complained of took place in Knox County, Tennessee.

## FACTS

6. The plaintiff Tommie Walker has been a patient of Cherokee Health Systems since March, 1993. She was initially referred to the defendant Cherokee Health Systems for problems relating to depression and was treated by staff psychiatrist Bruce Green for many years.

7. During the course and conduct of his treatment of the plaintiff Tommie Walker, Dr. Green continued to prescribe the medication Librium for Ms. Walker, a prescription drug that she had been taking for almost 30 years to control her depression.

8. On April 23, 2001, the plaintiff Tommie Walker was seen for the first time by the defendant Tunku Abubakar, a staff psychiatrist for the defendant Cherokee Health Systems. The plaintiff Tommie Walker was examined by Dr. Abubakar on at least four separate office visits.

9. During the course and conduct of his treatment of Ms. Walker, the defendant Abubakar abruptly discontinued her Librium prescription.

10. In September 2001, the plaintiff Tommie Walker was admitted to the psychiatric ward of the Baptist Hospital with severe tremors, acute anxiety, exaggerated feeling of depression, and suicidal thoughts.

11. On or about September 24, 2001, upon her discharge from Baptist Hospital, it was discovered that the physical conditions requiring the hospitalization of Ms. Walker were not syptomatic of her existing, on-going psychiatric problems, but were the result of the sudden and unfounded termination of her Librium prescription by the defendant Tunku Abubakar.

12. As a direct and proximate result of the negligence of the defendant Abubakar, the plaintiff Tommie Walker has sustained psychological and physical injuries, both temporary and permanent, and has incurred costly expenses associated with the medical treatment therefore. Tommie Walker's ability to enjoy life has also been substantially impaired by the negligence of the defendant Abubakar.

13. The plaintiff Benny Walker has suffered the loss of the services, society, consortium, and companionship of his wife, Tommie Walker, as a direct and proximate result of the injuries caused to her by the negligent conduct of the defendant Abubakar.

[2]

## COUNT ONE: NEGLIGENCE OF ABUBAKAR

14. The plaintiffs hereby reallege and incorporate paragraphs 1 through 13 as if fully set forth herein.

15. In his treatment of the plaintiff Tommie Walker, in particular at the time of his sudden termination of the Librium prescription, the defendant Abubakar failed to act with ordinary and reasonable care in accordance with the recognized standard of acceptable professional practice in the profession of psychiatry in the Knoxville community, or in similar communities,

16. The negligent conduct of the defendant Abubakar was the direct and proximate cause of the damages and injuries sustained by the plaintiffs herein.

## COUNT TWO: RESPONDEAT SUPERIOR

17. The plaintiffs hereby reallege and incorporate paragraphs 1 through 16 as if fully set forth herein.

18. At all times material to this cause of action the defendant Abubakar was acting within the scope of his employment with Cherokee Health Systems.

19. The negligence of the defendant Abubakar is imputed to the defendant Cherokee Health Systems, because defendant Abubakar was acting as the agent, servant, and employee of Cherokee Health Systems.

WHEREFORE, the plaintiffs pray for the following relief from the defendants:

A. That process issue and be served with notice of the filing of this suit upon the defendants and requiring them to answer this Complaint;

B. That compensatory damages against the defendants in the amount of One-Hundred Thousand Dollars ($100,000.00) be awarded to the plaintiff Tommie Walker;

C. That compensatory damages against the defendants in the amount of Twenty-Five Thousand Dollars ($25,000.00) be awarded to the plaintiff Benny Walker;

D. That a jury be empanelled to try this cause;

E. That the defendants be assessed with the costs of this suit;

[3]

F. That the plaintiff be awarded such other and further relief to which she may be entitled.

RESPECTFULLY SUBMITTED,

TOMMIE WALKER and
husband, BENNY WALKER

by: _____
MICHAEL P. McGOVERN
PID #341453
BPR #09553
Attorney for Plaintiffs

OF COUNSEL:

AYRES & PARKEY, ATTORNEYS
708 South Gay Street
Post Office Box 948
Knoxville, TN 37901
(865) 637-1181

FILED
2002 SEP 20 A 9: 53
CATHERINE F. QUIST
CIRCUIT COURT CLERK

## COST BOND

In the event they are not paid by the plaintiffs, and in accordance with Tenn. Code Ann. §20-12-125 (Suppl. 1999), we hereby acknowledge ourselves as surety for the costs that may at any time be adjudged against the plaintiffs for failure to successfully prosecute this action, but only for amounts required by law or included in the clerk's bill of costs, specifically excluding discretionary costs.

AYRES & PARKEY, ATTORNEYS

_____
MICHAEL P. McGOVERN, Partner

[4]