# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

TOMMIE WALKER, et al.,  )
                                          )
    Plaintiffs,                    )
                                          )
v.                                         )      No. 3:05-CV-291
                                          )
                                          )      (Phillips)
TUNKU ABUBAKAR, et al.,        )
    Defendants.            )

## MEMORANDUM AND ORDER

       This is a medical malpractice action. Plaintiffs have sued Dr. Abubakar for medical malpractice. Plaintiffs allege that defendant Locumtenens is liable for Dr. Abubakar's actions under the doctrine of *respondeat superior*. Additionally, plaintiffs allege that defendant Locumtenens is liable for damages resulting from the breach of its contract with Cherokee Health Systems to provide Cherokee with "qualified physicians." Locumtenens has moved the court for dismissal of the claims against it asserting that plaintiffs' claims are barred by the applicable statute of limitations. For the reasons which follow, defendant Locumtenens' motion will be denied.

## Factual Background

The original complaint in this matter was filed in Knox County Circuit Court on September 20, 2002. The complaint named Dr. Abubakar and Cherokee Health Systems as defendants. Two months later, in November 2002, the plaintiffs became aware of the existence of Locumtenens as a potential tortfeasor in this matter. On June 24, 2003, Cherokee moved for summary judgment on the grounds that Dr. Abubakar was not its employee but was, rather, an independent contractor employed by Locumtenens at all times material to the lawsuit. On August 28, 2003, the Knox County Circuit Court granted summary judgment as to Cherokee Health Systems. In its order, the court found that Dr. Abubakar was an independent contractor of a separate corporation, Locumtenens.

On October 24, 2003, the plaintiffs moved for leave to amend their complaint to name Locumtenens as a defendant. That motion was granted, and the plaintiffs filed their first amended complaint on October 31, 2003. On April 16, 2004, Locumtenens moved to dismiss because the claims asserted against it were time barred. Thereafter, plaintiffs served a notice of voluntary dismissal on May 8, 2004. An order of nonsuit was entered on April 26, 2005.

Plaintiffs refiled their lawsuit on May 6, 2005 in Knox County Circuit Court. The claims stated were identical to those stated in the nonsuited action. Locumtenens was served on May 23, 2005. On June 10, 2005, Locumtenens removed the lawsuit to this court. This action is now before the court on Locumtenens' motion to dismiss.

**Analysis**

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiffs, accept all the complaint's factual allegations as true, and determine whether the plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

Statute of Limitations

Defendant Locumtenens has moved the court to dismiss Counts II and III as time-barred under the applicable statute of limitations. In the alternative, Locumtenens moves to dismiss Count III because the plaintiffs' allegations, even if true, fail to state a claim for breach of contract. Count II of the complaint alleges that Dr. Abubakar's negligence should be imputed to Locumtenens under the doctrine of *respondeat superior.*

3

Count III alleges that Locumtenens breached its contract with Cherokee and that Mrs. Walker, as the third-party beneficiary of that contract, was injured by the breach.

In Tennessee, the statute of limitations for medical malpractice actions is one year. *See* Tenn. Code Ann. ss 29-26-116(a)(1). The statute of limitations begins to run "when the patient knows or in the exercise of reasonable care and diligence should know, that an injury has been sustained." *Stanbury v. Bacardi,* 953 S.W.2d 671, 677 (Tenn. 1997). Further, Tennessee's one-year statute of limitations for medical malpractice actions is tolled until the plaintiff "discovered, or reasonably should have discovered (1) the occasion, the manner, and the means by which a breach of the duty occurred that produced his injuries, and (2) the identity of the defendant who breached that duty." *Stanbury*, 953 S.W.2d at 677.

The plaintiffs' claims against Locumtenens accrued on September 24, 2001, when Mrs. Walker's alleged injury was discovered. Under the Tennessee statute, therefore, the claim expired one year later, on September 24, 2002, unless tolled by the discovery rule. The original action was filed on September 20, 2002, within the statute of limitations. In November 2002, plaintiffs became aware that Dr. Abubakar was not an employee of Cherokee Health Systems. On October 31, 2003, less than one year after learning that Dr. Abubakar's services had been obtained by Cherokee through a physicians staffing service, plaintiffs filed an amended complaint adding Locumtenens as a defendant.

4

On May 8, 2004, plaintiffs voluntarily nonsuited the state court action. The state court case was timely refiled on May 6, 2005, under the Tennessee "Savings Statute," Tenn. Code Ann. § 28-1-105. That refiled action was removed by defendant Locumtenens to this court. Plaintiffs were not aware that Dr. Abubakar was an employee of Locumtenens until sometime in November 2002, that is when plaintiffs' cause of action against Locumtenens first arose. Under the discovery rule, plaintiffs had until at least November 1, 2003, to file their action against Locumtenens. The amended complaint adding Locumtenens as a defendant was filed on October 31, 2003, within the one-year limitation provided in Tenn. Code Ann. § 28-3-104(1)(1). For these reasons, the court concludes that the statute of limitations is tolled by the discovery doctrine, and plaintiffs' medical malpractice action against Locumtenens is not time-barred.

Alternatively, the court also finds that Count II of the amended complaint relates back to the original complaint pursuant to Rule 15.03 of the Tennessee Rules of Civil Procedure, which provides:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Thus, under the Tennessee rule, plaintiffs' amended complaint against Locumtenens related back, if no later than January 18, 2003, Locumtenens had (1) received notice of the institution of the action such that it was not prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of Dr. Abubakar's employer, the action would have been brought against it.

There is no dispute that Locumtenens did not have *actual* notice of the lawsuit within "the period provided by law for commencing the action." The Sixth Circuit Court of Appeals has expressed its belief, however, that the comparable federal rule regarding relation back, Rule 15(c) F.R.C.P., does not "require that the new defendant receive actual notice." *Berndt v. State of Tennessee,* 796 F.2d 879, 884 (6th Cir. 1986). If the defendant to be added had sufficient notice within the limitations period as required by Rule 15(c)(1), then it reasonably should know that but for a mistake as to the proper party, the suit would have been brought against it. Rule 15(c)(2) covers not only cases where a party has been misnamed or misdescribed, but also cases where there exists a possibility that the plaintiff may have made a mistake in selecting the original defendants. *See Richmond v. McElyea,* 130 F.R.D. 377 (E.D.Tenn. 1990).

Defendant Locumtenens was the employer of Dr. Abubakar, and was also the staffing contractor for Cherokee Health Systems. Cherokee was served with process on October 1, 2002 and Dr. Abubakar received service of process on November 30, 2002. Cherokee notified plaintiffs in November 2002 that Dr. Abubakar was an employee of Locumtenens. In light of the fact that Locumtenens is the employer of Dr. Abubakar, the

original defendant, the court finds that Locumtenens had imputed and/or constructive notice of the pending lawsuit within the limitations period and that Locumtenens reasonably should have known that but for a mistake regarding the proper party, this action would have been brought against it. Nor has Locumtenens established that it would be prejudiced in defending this lawsuit. Pursuant to Rule 15.03, the plaintiffs' causes of action against Locumtenens, added by amendment to the timely-filed complaint, relate back to the original complaint and, thus, are not time-barred.

Breach of Contract Claim

Defendant Locumtenens asserts that Count III of plaintiffs' complaint should be dismissed because plaintiffs failed to allege facts showing that Locumtenens breached its contract with Cherokee Health Systems. Locumtenens states that the agreement between Cherokee and Locumtenens obligated Locumtenens to assist Cherokee "in obtaining qualified physicians." Locumtenens avers the complaint does not allege that Dr. Abubakar was not a "qualified physician."

This issue is moot inasmuch as plaintiffs have amended their complaint to allege that Dr. Abubakar was not a "qualified physician," and to allege that Locumtenens breached its contractual obligation to Cherokee in that it did not assist Cherokee in obtaining a "qualified physician."

## Conclusion

For the reasons set forth above, the court finds that plaintiffs' claims against the defendant Locumtenens are not time-barred. Further, Count III is not subject to dismissal as a matter of law. Accordingly, defendant Locumtenens' motion to dismiss [Doc. 5] is **DENIED in all respects.**

**IT IS SO ORDERED.**

**ENTER:**
s/ Thomas W. Phillips
United States District Judge