UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TOMMIE WALKER and husband, )
BENNY WALKER, )
)
    Plaintiffs, )
)
v. ) No. 3:05-CV-291
) (Phillips)
TUNKU ABUBAKAR, M.D., and )
LOCUMTENENS, CO., LLC, )
)
    Defendants. )

## MEMORANDUM AND ORDER

In this medical malpractice action plaintiffs have sued defendants alleging that Dr. Abubakar failed to act with ordinary and reasonable care in accordance with the recognized standard of acceptable professional practice in the field of psychiatry, when he abruptly discontinued Mrs. Walker's Librium prescription. As a result, Mrs. Walker suffered a psychotic episode and was hospitalized with severe tremors, acute anxiety, and depression. Plaintiffs allege that defendant Locumtenens, as Dr. Abubakar's employer, is liable for his acts of negligence in treating Mrs. Walker. Further, plaintiffs allege that Locumtenens breached its contractual obligation to Cherokee Health Services to provide a qualified physician to render psychiatric services to patients, including Mrs. Walker. Plaintiffs aver that as third-party beneficiaries of the contract between Cherokee Health

Services and Locumtenens, they are entitled to damages for Locumtenens' breach of contract.

Defendants have moved for summary judgment asserting that plaintiffs can prove neither that the care rendered by Dr. Abubakar fell below the recognized and applicable standard of care or that any such care rendered by Dr. Abubakar was the proximate cause of any of plaintiffs' injuries.[1]  For the reasons which follow, defendants' motions for summary judgment will be denied.

## Background

Plaintiff Tommie Walker was prescribed Librium, an anti-depressant, and had been taking the drug for almost thirty years prior to 2001.  Her medical records indicate that she was prescribed a variety of medications for her other health problems, including morphine and Reglan.  Dr. Abubakar determined that Mrs. Walker needed to be taken off of the Librium and he established a conservative detoxification program for her.

Thereafter, in September 2001, Mrs. Walker was admitted to the psychiatric ward of Baptist Hospital with severe tremors, acute anxiety, exaggerated feelings of depression, and suicidal thoughts.  Plaintiffs aver that upon her discharge from Baptist Hospital, it was discovered that the physical conditions requiring the hospitalization of Mrs.

---

[1] Defendant Locumtenens joins in Dr. Abubakar's motion for summary judgment.

Walker were not symptomatic of her existing, on-going psychiatric problems, but were the result of the sudden termination of her Librium prescription by Dr. Abubakar. Plaintiffs aver that in his treatment of Mrs. Walker, in particular at the time of his sudden termination of the Librium prescription, Dr. Abubakar failed to act with ordinary and reasonable care in accordance with the recognized standard of acceptable professional practice in the profession of psychiatry in the Knox County community.

Defendant Dr. Abubakar has moved for summary judgment stating that his treatment of Mrs. Walker, specifically, taking her off Librium through the conservative detoxification program was an appropriate treatment that was within the applicable standard of care. Further, all care and treatment provided by Dr. Abubakar was appropriate and within the standard of care for the practice of psychiatry in the Knox County area.

Analysis

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v.*

*Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

Dr. Abubakar has moved for summary judgment on the grounds that his treatment of Mrs. Walker met the standard of care for psychiatrists in the Knox County community.

Under Tennessee law, the plaintiffs bear the burden of proving all elements of a medical malpractice claim. Tenn. Code Ann. § 29-26-115. To present a *prima facie* medical malpractice claim, the plaintiffs must present competent evidence showing (1) the recognized standard of acceptable professional practice in the profession or speciality thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred, (2) that the defendant acted with less than or failed to act with ordinary and

reasonable care in accordance with such standard, and (3) as a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred. Tenn. Code Ann. § 29-26-115(a).

Plaintiffs are required to prove the elements of their medical malpractice claim through evidence that satisfies the requirements of Tenn. Code Ann. § 29-26-115(b). This section requires that any person testifying in a medical malpractice case be licensed either in Tennessee or a contiguous state, "in a speciality which would make the person's expert testimony relevant" and "practiced this speciality in one of these states during the year preceding the date that the alleged injury or wrongful act occurred." Thus, plaintiffs must produce competent, expert medical proof establishing grounds for their claim of malpractice.

In support of his motion for summary judgment, Dr. Abubakar has filed the affidavit of Dr. Julie Rand, a psychiatrist who is licensed and practices in the states of Georgia and Arkansas, both of which are contiguous with Tennessee. Dr. Rand's affidavit establishes familiarity with the standard of care of psychiatrists in Knox County and in communities similar to Knox County. Based on her medical training and experience, defendants aver Dr. Rand is qualified to render an expert opinion on the issues of the standard of care and causation. Dr. Rand's affidavit states that she reviewed the medical records of Mrs. Walker. It is Dr. Rand's opinion, to a reasonable degree of medical certainty, that Dr. Abubakar met the recognized standard of acceptable professional

practice for psychiatrists in Knox County and that he acted with ordinary and reasonable care in accordance with such standard in his treatment of Mrs. Walker.

Dr. Abubakar also contends that summary judgment is appropriate in this case because his treatment of Mrs. Walker did not proximately cause her alleged injuries. As stated above, under Tennessee law, the plaintiff in a medical malpractice case generally has the burden of proving by expert testimony that as a proximate cause of a defendant's negligent act or omission, the plaintiff suffered injuries that otherwise would not have occurred. Tenn. Code Ann. § 29-26-115(a)(3). Dr. Rand has provided sworn affidavit testimony that Dr. Abubakar's treatment of Mrs. Walker could not and did not proximately cause her alleged injuries. For these reasons, defendants argue, there is no issue of material fact and they are entitled to judgment as a matter of law on all plaintiffs' claims.

Plaintiffs respond in opposition to defendants' motion for summary judgment with the affidavit of Dr. Vijay Jethanandani, Mrs. Walker's treating psychiatrist. Dr. Jethanandani practices in Knox County and is board certified in geriatric psychiatry. He is the medical director of the Geriatric Assessment Program at Baptist Hospital and is associated with a multi-provider psychiatric and psychology group at St. Mary's Medical Center. He maintains a private practice at Baptist Hospital Adult and Geriatric Psychiatry Unit.

Mrs. Walker has been a patient of Dr. Jethanandani since September 2001. He has spoken with Mrs. Walker regarding her medical history and has reviewed her previous medical records from Cherokee Health Systems and internist Dr. David Rankin. The records from Cherokee Health Systems, submitted in support of Dr. Abubakar's motion for summary judgment reflect that in April 2001, Dr. Abubakar established a Librium detoxification program for Mrs. Walker who, at the time, had been on Librium for 30 years and was taking 5 mg. of Librium two times per day. On May 21, 2001, Dr. Abubakar provided Mrs. Walker with a final prescription for thirty (30) days of Librium tablets (5 mg. taken every other day). At her appointment on July 19, 2001, Dr. Abubakar refused to reinstate the Librium treatment for Mrs. Walker.

The following day, July 20, Mrs. Walker saw her internist, Dr. David Rankin. Dr. Rankin's report indicates that after the "new psychiatrist took her off Librium starting 2 months ago," Mrs. Walker experienced extreme nervousness and depression. His report indicates that Dr. Abubakar "refused to put her back on Librium yesterday even after seeing her in that state. Can't sit still, hyperactive, pressured speech, she also has a fine tremor." Dr. Rankin immediately placed Mrs. Walker back on Librium. Approximately two months later, in September 2001, Mrs. Walker suffered a psychotic episode requiring hospitalization.

Dr. Jethanandani testifies in his affidavit that, having observed Mrs. Walker's physical and mental state on July 19, 2001, "Dr. Abubakar's refusal to reinstate Mrs.

Walker's Librium prescription on that date, or to order additional testing, was inappropriate and not within the standard of care for the practice of psychiatry in the Knox County area." He further opines, within a reasonable degree of medical certainty, "that the Librium detoxification of Mrs. Walker by Dr. Abubakar from April 2001 to July 2001 caused the injuries alleged in the complaint."

Based on the foregoing, there is clearly a genuine issue of material fact as to whether Dr. Abubakar failed to act with ordinary and reasonable care in accordance with the recognized standard of acceptable professional practice in the field of psychiatry. Trials exist to resolve such issues of fact, and summary judgment is to be used only when there is no question as to such issues of fact. Accordingly, Dr. Abubakar's motion for summary judgment is **DENIED.**

## Conclusion

For the reasons stated above, defendants' motions for summary judgment [Docs. 17, 30] are **DENIED.** The parties will prepare the case for trial.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge